UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No.: 10-20448-Civ-COOKE/BANDSTRA

FERNANDO GRINBERG TRUST
SUCCESS INT. PROPERTIES LLC,

    Plaintiff

vs.

SCOTTSDALE INSURANCE COMPANY,

    Defendant.
_____/

### ORDER GRANTING DEFENDANT'S MOTION TO DISMISS
### COUNT II OF PLAINTIFF'S COMPLAINT

THIS CASE is before me on Defendant's Motion to Dismiss Count II of Plaintiff's Complaint [D.E. 4]. I have reviewed the arguments, the complaint, and the relevant legal authorities. For the reasons explained below, the Motion to Dismiss Count II is granted.

### I.  BACKGROUND[1]

The Defendant, Scottsdale Insurance Company, insured the Plaintiff, Fernando Grinberg Trust Success International Properties LLC. After a plumbing failure caused substantial water damage to the Plaintiff's property, Scottsdale refused to pay the claim. The Plaintiff filed this lawsuit against Scottsdale alleging breach of contract (count I) and seeking a declaration of rights (count II). Scottsdale has moved to dismiss count II of Plaintiff's

---

[1] These facts are taken from the Plaintiff's complaint [D.E. 1-2]. *See Beck v. Deloitte & Touche*, 144 F.3d 732, 735 (11th Cir. 1998) ("In evaluating the sufficiency of a complaint, a court 'must accept the well pleaded facts as true and resolve them in the light most favorable to the plaintiff.'") (quoting *St. Joseph's Hosp., Inc. v. Hosp. Corp. of Am.*, 795 F.2d 948, 954 (11th Cir. 1986)).

complaint. The Plaintiff has not responded.

## II. LEGAL STANDARDS

### A. *Motion to Dismiss Pursuant to Federal Rule of Civil Procedure 12(b)(6)*

A complaint "must contain . . . a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). A plaintiff must articulate "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007) (abrogating *Conley v. Gibson*, 355 U.S. 41 (1957)). "[O]nly a complaint that states a plausible claim for relief survives a motion to dismiss." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1950 (2009 ). When considering a motion to dismiss, filed under Rule 12(b)(6) of the Federal Rules of Civil Procedure, the court must accept all of the plaintiff's allegations as true and construe them in the light most favorable to the plaintiff. *Pielage v. McConnell*, 516 F.3d 1282, 1284 (11th Cir. 2008).

### B. *Declaratory Judgment*

A court may declare the rights and other legal relations of any interested party in the case of an actual controversy within its jurisdiction. 28 U.S.C. § 2201. Florida Statute Section 86.021 provides for a declaration of rights or status where a party to an agreement is in doubt as to his or her rights. *City of Hollywood v. Fla. Power & Light, Co.*, 624 So. 2d 285 (Fla. Dist. Ct. App. 1993). The only relevant inquiry in a motion to dismiss a declaratory judgment action is whether or not the plaintiff is entitled to a declaration of rights. *Tobon v. Am. Sec. Ins. Co.*, No. 06-61912-Civ, 2007 WL 1796250, at *2 (S.D. Fla. June 20, 2007); *see also Gov't Emp. Ins. v. Anta*, 379 So. 2d 1038, 1039 (Fla. Dist. Ct. App. 1980). "[A] trial

court should not entertain an action for declaratory judgment on issues which are properly raised in other counts of the pleadings and already before the court, through which the plaintiff will be able to secure full, adequate and complete relief." *McIntosh v. Harbour Club Villas*, 468 So. 2d 1075, 1080-81 (Fla. Dist. Ct. App. 1985) (Nesbitt, J. specially concurring); *see also Taylor v. Cooper*, 60 So. 2d 534, 535-36 (Fla. 1952).

### III. ANALYSIS

Count I of the Plaintiff's complaint, alleging breach of contract, requests damages related to the plumbing failure. (Compl. ¶¶ 18-21 [D.E. 1-2]). In count II, the Plaintiff seeks a declaration of rights to determine whether the loss resulting from the plumbing failure is covered by the insurance policy issued by Scottsdale. (Compl. ¶¶ 22-30 [D.E. 1-2]). The determination of breach of contract claim of the Plaintiff's complaint involves the same factual dispute as the declaratory judgment claim, namely, to what extent the damage from the plumbing failure is covered by the insurance policy. In other words, the Plaintiff will be able to secure full, adequate and complete relief through the breach of contract claim.

### IV. CONCLUSION

Since the Plaintiff's claim for declaratory judgment is subsumed within its claim for breach of contract, the declaratory action must be dismissed. *See Taylor v. Cooper*, 60 So. 2d 534, 535 (Fla. 1952). Additionally, pursuant to Local Rule 7.1(C), the Plaintiff's failure to oppose the Defendant's Motion to Dismiss Count II is sufficient grounds for granting the motion by default. It is therefore **ORDERED** and **ADJUDGED** that Defendant's Motion to Dismiss Count II of Plaintiff's Complaint [D.E. 4] is **GRANTED**. Count II of the Plaintiff's

Complaint is **DISMISSED** with prejudice.

**DONE and ORDERED** in chambers, at Miami, Florida, this 18th day of June 2010.

*Marcia G. Cooke*
MARCIA G. COOKE
United States District Judge

Copies furnished to:
*Ted E. Bandstra, U.S. Magistrate Judge*
*Counsel of record*